UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at Covington

| | | |
|---|---|---|
| KULJINDERPAL SINGH, | ) | |
| | ) | |
| Petitioner, | ) | Civil Action No. 2:26-cv-00120-SCM |
| | ) | |
| v. | ) | |
| | ) | **ORDER** |
| DIRECTOR SAMUEL OLSON, et al., | ) | |
| | ) | |
| Respondents. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

Petitioner Kuljinderpal Singh is a noncitizen from India who has been detained without bond by the Department of Homeland Security while undergoing removal proceedings. [Dkt. 1 at 5]. He has filed a Petition for Writ of Habeas Corpus claiming that it is unlawful for DHS to detain him without a bond hearing because 8 U.S.C. § 1226(a) applies to him—not § 1225(b)(2). [Dkt. 1 at 3]. While § 1226(a) affords a bond hearing for a noncitizen detained pending removal, § 1225(b)(2) mandates detention for any "applicant for admission" who is found to be "not clearly and beyond a doubt entitled to be admitted." Binding precedent requires this Court to grant the Petition and order a bond hearing.

Recently, the Sixth Circuit held in a split decision that noncitizens similarly situated to the Petitioner must be given a bond hearing pursuant to § 1226(a). *Lopez-Campos v. Raycraft*, 175 F.4th 713, 734–35 (6th Cir. 2026), *petition for cert. filed*, No. 25-1415 (U.S. June 24, 2026). The court reasoned that "an 'applicant for admission' is not necessarily 'seeking admission[,]'" so § 1225(b)(2) does not apply unless the

detained noncitizen is alleged to be "seeking admission or lawful entry into the United States." *Id.* at 732. The court held that absent such allegations, § 1226 applies to noncitizens who are already present in the United States. *Id.*; *but see id.* at 735–61 (Murphy, J., dissenting) (explaining how the plain text of these statutes requires detention under § 1225(b)(2) for aliens similarly situated to the Petitioner). Further, the Sixth Circuit held that detention of noncitizens like the Petitioner without bond under § 1226 violates the Due Process Clause of the Fifth Amendment to the United States Constitution. *Id.* at 734. The facts of this Petition fit squarely within the holding in *Lopez-Campos*, and the mandate has issued in that case.[1] Fed. R. App. P. 41(b). So § 1226(a) governs the Petitioner's detention and he is entitled to a bond hearing.

Accordingly, it is hereby **ORDERED** as follows:

1)    Petitioner Kuljinderpal Singh's Petition for a Writ of Habeas Corpus, [Dkt. 1], is **GRANTED.**

2)    The Respondents are ordered to provide the Petitioner with a **BOND HEARING** under 8 U.S.C. § 1226(a) within **seven days** of this Order.

---

[1] It would have been inappropriate for the Court to rule on the Petition based on *Lopez-Campos* until the mandate issued. *Powell v. Sepanek*, No. 0:13–072–HRW, 2013 WL 3423263, at *2 (E.D. Ky. July 8, 2013) (explaining that a federal appeals court decision "is not final until the court enters its mandate" and that "[r]eliance upon a decision of an appellate court prior to entry of the mandate invites unnecessary error" (citations omitted)); *see also Youghiogheny and Ohio Coal Co. v. Milliken*, 200 F.3d 942 (6th Cir. 1999)) ("Unlike district courts, the courts of appeals direct the district courts and administrative agencies over which they have appellate or reviewing jurisdiction through mandates, not through orders and judgments."). The delay between the decision and issuance of the mandate permits time to seek rehearing, either by the panel or en banc. *Powell*, 2013 WL 3423263, at *2.

3)      The Court will retain jurisdiction over this matter to effectuate this Order, but this matter will otherwise be closed and stricken from the active docket.

4)      A separate Judgment will be entered.

Signed this 8th day of July, 2026.

S. Chad Meredith, District Judge
United States District Court
Eastern District of Kentucky

3